BALDRIDGE, PLAINTIFF, *v.* TOOMBS, DEFENDANT.

428

*Gladys E. Davis* and *Mr. John A. Staker,* for plaintiff.
*Mr. Ernest G. Littleton,* for defendant.

THOMPSON, J.  This case is before this court on defendant's demurrer to the plaintiff's petition.  The demurrer is on the ground that "it appears from the face of the petition that the action was not brought within the time limited for the commencement of such actions and, two, that the petition does not state facts which show a cause of action."

Plaintiff's petition, after stating that he and Johanna Baldridge are husband and wife and that the defendant is a physician engaged in practice of his profession at Wheelersburg, Ohio, states his cause of action as follows:

"Plaintiff further says that subsequent to November 5, 1955, he engaged the services of defendant to treat plaintiff's wife for pains in her right ovary, and that such employment was accepted by said defendant and continued until April 11, 1961.

"Plaintiff says that defendant violated his position of trust and confidence towards this plaintiff in that on or about April 11, 1956, defendant, under the pretext of conducting a pelvic examination, did willfully and carnally know the said Johanna Baldridge without her consent.

"That as a direct and proximate result of defendants acts, the condition of plaintiff's wife worsened; that she continued to have pains in and about her ovaries, that said pains became more severe; that she cried constantly; became indifferent to her children and this plaintiff; neglected herself, her

children and this plaintiff; and threatened to renounce her citizenship and return to her family in Germany.

"Plaintiff, being unaware of defendant's deceit continued the care of his wife with the said defendant, and upon defendant's advice moved her to the University Hospital at Columbus, Ohio, where she under went psychiatric treatment; that thereafter defendant placed her in the Mercy Hospital, Portsmouth, Ohio, for further treatment; that defendant continued to treat her for a nervous condition until his employment was terminated by this plaintiff upon discovery of the fraud on April 11, 1961.

"Plaintiff says he was obliged to incur expense for the medical care and treatment of his wife, to date in the sum of One Thousand Four Hundred Thirty and 40/100 Dollars $1430.-40), and will incur further expense in the future to alleviate the pain and suffering of his wife.

"Plaintiff says further that by reason of the acts of defendant as hereinbefore set forth plaintiff's peace, happiness and home life has been broken up, that he has been deprived of the love, esteem, affection, services and the peaceful and exclusive consortium of his wife, all to his damage in the sum of Two Hundred Thousand Dollars ($200,000.00).''

Defendant contends that plaintiff's cause of action is barred by Section 2305.09, Revised Code, which provides:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in Sections 2305.10 to 2305.12, inclusive, 2305.14 and 1307.08, Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.''

The theory upon which the plaintiff contends that he may still maintain his action is that the action is one for fraud

growing out of the confidential and contractual relationship between plaintiff and defendant in the employment of defendant to treat plaintiff's wife.

The defendant contends that the allegations of "fraud and deceit" are merely conclusion of the pleader and that the complaint is really based upon an alleged assault by the defendant upon plaintiff's wife on April 11, 1956, and that the alleged cause of action is therefore barred by the Statute of Limitations.

The distinction between "cause and action" and "right of action" is made in the case of *Swankowski* v. *Diethelm*, 98 Ohio Opinions, 271, 57 Ohio Opinions, 312.

This was a suit for damages brought by the patient against the physician for failure to remove a needle from plaintiff's abdomen after an operation and the plaintiff attempted to base the action on fraud and deceit in order to bring it within the statute of limitations.

The court pointed out that when a petition is challenged by a general demurrer the issue raised is the legal sufficiency to state a *cause of action* against the defendant.

As pointed out by the court in that opinion a "right of action" in deceit, as in torts generally, is grounded on "a primary legal right in plaintiff, a corresponding primary legal duty on defendant to observe that right, and a breach of that duty by defendant by reason of which plaintiff sustained damage."

The opinion points out that in contrast with a right of action as above defined, a cause of action is defined as comprising "every fact necessary to the right of relief prayed for," or as defined in *Tinker* v. *Sauer*, 105 Ohio St., 135, "a cause of action is the matter for which an action may be brought, and embraces the facts which it is necessary to establish in order to sustain a claim for judicial relief."

The court in that case after an analysis of the facts concluded that the rights of the plaintiff, the duties of the defendant and violation of the duty on the part of the defendant, with the resulting damages to the plaintiff made the action fall within the meaning of the term "malpractice" rather than fraud and deceit.

Since a demurrer is not concerned with the form of action pleaded, but rather with the substance of the claim asserted

and the relief prayed for, the court concluded that the allegations of fraudulent misrepresentation and of intentional concealment of the fact that the needle had been intentionally left in the abdomen of plaintiff do not transmute or change the cause of action from one in malpractice to one in deceit.

If we analyze the facts in the case now under consideration, we can come to no other conclusion than that when plaintiff employed the defendant to treat his wife that he had a legal right the same as the wife to have the defendant exercise reasonable care, skill and knowledge in the treatment of his wife and to have him treat her as a physician only and to not commit any type of assault upon her, nor to engage in sexual intercouse with her, either with or without her consent. The defendant at the same time owed plaintiff the legal duty to treat the plaintiff in the usual professional manner and to not commit an act constituting an assault or to engage in sexual intercourse with plaintiff's wife, thereby, depriving plaintiff of loss of consortium and loss of exclusive consortium. It would therefore appear that when considering the rights of the plaintiff and the duty of the defendant, the violation of the duty by the defendant and the resulting damages to the plaintiff that this case comes within the definition of the cause of action known as criminal conversation.

The plaintiff's exclusive right of consortium was violated according to the allegation of the petition on April 11, 1956, and it was then that the cause of action accrued and in our opinion, it was then that the statute of limitation started to run. See 173 A. L. R., 769 and 770.

It is no doubt true that the plaintiff did not know of the defendant's alleged relations with plaintiff's wife until sometime subsequent to April 11, 1956, but the general rule is that a person's lack of knowledge of his right of action does not prevent the running of the statute or postpone the commencement of the period of limitation until he discovers the facts or learns of his rights thereunder. (34 Ohio Jurisprudence (2d), 567, 34 American Jurisprudence, 186.)

It is true that under certain circumstances the concealment of a cause of action against the defendant has been held to effect a tolling of the statute of limitation, however, in order for this rule to apply, it has generally been held that there must be

432

something of an affirmative character designed to prevent, and which does prevent discovery of the cause of action, some actual artifice to prevent knowledge of the fact, some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry. (34 American Jurisprudence, Sec. 234, page 191 and 192.)

It would appear that this case is very similar to a cause of action by a parent or master for seduction of a daughter or servant where the action is technically based on loss of services, yet, the courts have held that the statute of limitations commences to run at the time of the seduction and is not postponed until the actual date of the loss of services by reason of the disablement of the daughter or servant. (34 American Jurisprudence, 767.)

For the foregoing reasons it is our conclusion that the plaintiff's cause of action is barred by the statute of limitations and that the demurrer should be sustained.